UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY DONALD RUTLEDGE, a/k/a
Tori Elise Rutledge,

Plaintiff,

v.

CAUSE NO. 3:26-CV-397-PPS-AZ

JACK HENDRIX, et al.,

Defendants.

OPINION AND ORDER

Terry Donald Rutledge a/k/a Tori Elise Rutledge,[1] a prisoner without a lawyer,

filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, I must

screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief. To survive dismissal, a complaint must contain sufficient

factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Rutledge is proceeding without counsel, I must give her allegations liberal

construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] Rutledge has adopted a female name and uses female pronouns when referring to herself. As a courtesy,
I have adopted this practice.

Rutledge is an inmate in the Westville Control Unit, a long-term segregation unit at Westville Correctional Facility. It can be discerned from her complaint that she was placed in long-term segregation after attacking a prison employee at another facility. She does not appear to have any fears in her current housing assignment, but she claims that staff at Westville plan to release her to general population on an unspecified date. She claims she would be in grave danger in general population due to her prior gang affiliation and her cooperation in a trafficking investigation at another facility. She asks to be transferred to the protective custody unit at a different facility. She sues three high-ranking Indiana Department of Correction ("IDOC") officials, who allegedly have the ability to order her transfer.

I note at the outset that Rutledge currently has eight other civil rights cases pending in this District. *See Rutledge v. Indiana Dept. of Corr.*, 3:22-CV-989-DRL (N.D. Ind. filed Dec. 2, 2022); *Rutledge v. English, et al.*, 3:24-CV-155-JD-JEM (N.D. Ind. filed Feb. 16, 2024); *Rutledge v. Estes, et al.*, 3:24-CV-621-JEM (N.D. Ind. filed July 26, 2024); *Rutledge v. Guajardo, et al.*, 3:24-CV-628-JD-ALT (N.D. Ind. filed July 29, 2024); *Rutledge v. Stoppenhagen, et al.*, 3:24-CV-963-JD-AZ (N.D. Ind. filed Dec. 2, 2024); *Rutledge v. Centurion Health of Ind., et al.,* 3:25-CV-546-GSL-JEM (N.D. Ind. filed June 23, 2025); *Rutledge v. Liaw, et al.*, 3:25-CV-657-CCB-SJF (N.D. Ind. filed July 30, 2025); *Rutledge v. Dunkley, et al.,* 3:26-CV-255-DRL (N.D. Ind. filed Feb. 25, 2026). In her complaint she includes allegations about issues she is litigating in other cases, specifically, the failure to protect her from attacks by inmates at another facility before her transfer to WCU, the failure of staff at WCU to treat her deteriorating mental health, and the propriety of her

2

assignment to long-term segregation. *See Rutledge*, No. 3:25-CV-546-GSL-JEM; *Rutledge*, No. 3:24-CV-155-JD-JEM. It is considered malicious for her to use the in forma pauperis statute to file a lawsuit that duplicates claims contained in another pending case. *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). These duplicative allegations will be dismissed.

Turning to her claim that she is in danger, the Eighth Amendment imposes a duty on prison officials to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008) (citation omitted). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005) (citation omitted). Instead, the plaintiff must allege that "the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). To be held liable, a defendant must have "acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008).

Here, the only defendants Rutledge names are three high-ranking IDOC officials. It is unclear if she is trying to sue them for damages.[2] If so, liability under 42 U.S.C. § 1983 is based on personal responsibility, and these individuals cannot be held liable for damages simply because of their positions. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). I cannot plausibly infer from what Rutledge has alleged that these high-ranking officials were actually aware of a substantial risk to Rutledge's safety and deliberately turned a blind eye to that risk. Nor is there any indication that they have injured her; instead her allegations pertain to what could happen in the future if she is released to general population at Westville. She will not be permitted to proceed against these individuals on a claim for damages.

She also seeks injunctive relief related to her ongoing need for protection from other inmates. The Warden of Westville has both the authority and the responsibility to ensure that inmates at his facility are protected from harm posed by other inmates as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (noting that because the plaintiff also sought injunctive relief "it is irrelevant whether the warden participated in the alleged violations[.]"). The Warden will be added as a defendant, and Rutledge will be permitted to proceed on an Eighth Amendment claim against him in his official capacity for injunctive relief related to her ongoing need for protection from other inmates.

---

[2] In her complaint she mentions damages, stating that they cannot be "precisely calculated at this time." (ECF 1 at 6.) However, in a separate motion she appears to disavow any desire for damages. (ECF 2 at 2.) Out of an abundance of caution, I have considered whether she can state a claim for damages against any of the named defendants.

I note that Rutledge disavows a desire to have the Warden participate in this lawsuit, stating that the only relief she wants is a transfer to another facility, which the Warden has no ability to effectuate. (ECF 2 at 1.) However, the Eighth Amendment does not afford Rutledge the right to choose the means of protection she is provided. "Prison officials do not violate the Eight[h] Amendment because the mode of protection they offer does not sit well with a prisoner." *Dale v. Poston*, 548 F.3d 563, 570 (7th Cir. 2008). Rather, if they offer reasonable protection from the threat, they have done their duty." *Id.* Thus, if she can be adequately protected at Westville, there would be no need to transfer her. However, because she states that she is due to be released from WCU and suggests she cannot be kept safe elsewhere at Westville, I will permit her to proceed on a claim for injunctive relief against the high-ranking officials in their official capacity in the event a transfer to another facility may be necessary.

Rutledge separately moves for a preliminary injunction. (ECF 2.) She appears to ask me to order her transfer immediately, before her claims are resolved. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, I do not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, I must endeavor to assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.* On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

In the prison context, my ability to grant injunctive relief is limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in correctional settings). I must also consider that "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline

and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Likewise, prisoners do not have a constitutional right to the housing assignment of their choice, and where best to house a prisoner is ordinarily a matter committed to the discretion of prison officials. *See Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996).

At present I only have Rutledge's version of events, and it is difficult to determine on this limited record whether she is likely to establish an Eighth Amendment violation. In light of the deference owed to prison officials in the management of their facilities and the limitations on granting injunctive relief in the correctional setting, I will order the Warden to respond before taking further action on Rutledge's request for a preliminary injunction.

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden of Westville Correctional Facility as a defendant;

(2) GRANTS the plaintiff leave to proceed against the Warden of Westville Correctional Facility, Jack Hendrix, William Wilson, and Lloyd Arnold in their official capacity for injunctive relief related to the plaintiff's ongoing need for protection from other inmates;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

the Warden of Westville Correctional Facility, Jack Hendrix, William Wilson, and Lloyd Arnold at the Indiana Department of Correction with a copy of this order, the complaint (ECF 1), and the motion for a preliminary injunction (ECF 2) pursuant to 28 U.S.C. § 1915(d);

(5) DIRECTS the clerk to fax or email a copy of the same documents to the Warden of Westville Correctional Facility at Westville Correctional Facility;

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(7) ORDERS the Warden to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **April 17, 2026**, with supporting documentation and declarations from staff as necessary, addressing the plaintiff's current need for protection from other inmates and, if applicable, the steps being taken to protect the plaintiff from harm; and

(8) ORDERS the Warden of Westville Correctional Facility, Jack Hendrix, William Wilson, and Lloyd Arnold to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 30, 2026.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT

8