UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRY DONALD RUTLEDGE, a/k/a
Tori E. Rutledge,

      Plaintiff,

      v.                          CAUSE NO. 3:26-CV-397-PPS-AZ

JACK HENDRIX, et al.,

      Defendants.

<u>OPINION AND ORDER</u>

Terry Donald Rutledge a/k/a Tori E. Rutledge,[1] a prisoner without a lawyer, moves for a preliminary injunction. (ECF 2.) She asks me to order her immediate transfer to another facility claiming that officials plan to move her from the Westville Control Unit ("WCU"), a restricted housing unit, to general population. She claims she would be in grave danger in general population because of her prior gang affiliation and her cooperation in a trafficking investigation at another facility. (*Id.*; ECF 1.) I ordered a response from the Warden, which has now been filed. (ECF 14.) By operation of the Local Rules, any reply by Rutledge was due April 15, 2026. N.D. Ind. L.R. 7-1(d)(3)(B). That deadline has passed and no reply was filed.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of

---

[1] Rutledge has adopted a female name and uses female pronouns when referring to herself. As a courtesy, I have adopted that practice in this order.

persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, I do not simply "accept [the plaintiff's] allegations as true" or "give [her] the benefit of all reasonable inferences in [her] favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, I must endeavor to assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.* at 792.

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Additionally, in the prison context, my ability to grant injunctive relief is limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to

correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in a correctional setting).

Rutledge claims in this lawsuit that prison officials are not taking adequate steps to protect her from being harmed by other inmates. (*See* ECF 4.) The Eighth Amendment imposes a duty on prison officials to take "reasonable measures" to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (citations omitted). At the same time, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008) (citation omitted). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005) (citation omitted). To be held liable for an Eighth Amendment violation, a prison employee must have "acted with the equivalent of criminal recklessness, in this context meaning that they were actually aware of a substantial risk of harm to [the plaintiff's] health or safety, yet failed to take appropriate steps to protect [her] from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008).

The record reflects that prison staff are taking reasonable measures to protect Rutledge from other inmates. She is presently in a restricted housing unit where she has

no face-to-face contact with other inmates.[2] (ECF 14-1 ¶¶4–5.) Only Indiana Department of Correction central office staff have the ability to transfer Rutledge, and they have no plans to transfer her to general population anytime in the near future. (*Id.* at ¶7.)

In light of Rutledge's current housing assignment, she has not demonstrated a likelihood of success in proving that prison officials are acting with deliberate indifference to her need for protection from other inmates. Nor has she demonstrated that she will suffer irreparable injury if she is not granted an immediate transfer to another prison before her claims can be resolved. Although it is evident that she would prefer to be somewhere besides WCU, prisoners do not have a constitutional right to the housing assignment of their choice, and where best to house a prisoner is generally a matter committed to the discretion of prison officials. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). Additionally, "[p]rison officials do not violate the Eight Amendment because the mode of protection they offer does not sit well with a prisoner." *Dale v. Poston*, 548 F.3d 563, 570 (7th Cir. 2008). "Rather, if they offer reasonable protection from the threat, they have done their duty." *Id.* The present record reflects that officials have done that here.

Nevertheless, if there is a change in circumstances which, in the view of prison officials, warrants a different housing assignment for Rutledge, the Warden must

---

[2] Public records in another of Rutledge's pending lawsuits reflect that she was assigned to WCU after committing upwards of 50 disciplinary infractions at other prisons, including battery on staff, fighting, arson, refusing orders, impairing surveillance, and other offenses. *See Rutledge v. Centurion Health of Ind., et al.,* 3:25-CV-546-GSL-JEM (N.D. Ind. filed June 23, 2025).

promptly notify me. This information could alter my analysis of whether preliminary injunctive relief is necessary.

For these reasons, the plaintiff's motion for emergency injunctive relief (ECF 2) is DENIED as outlined.

SO ORDERED on April 28, 2026.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT